1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY E. SPELLMAN,<br>CDCR #G-23848,<br><br>                              Plaintiff,<br><br>        vs.<br><br>D. PARAMO, Warden, et al.,<br><br>                              Defendants. | Case No.:  16cv2731-JLS (AGS)<br><br>**ORDER (1) GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF Nos. 2, 3) AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

Timothy E. Spellman ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed this civil action; instead, he filed a letter advising the Court of his intent to proceed *in forma pauperis* ("IFP") (ECF No. 2), followed by a prison certificate certified by a RJD accounting official and copies of his California Department of Corrections and

1

Rehabilitation ("CDCR") Inmate Trust Account Statement Report (ECF No. 3). Therefore, the Court construes these documents together as Plaintiff's request to proceed IFP pursuant to 28 U.S.C. § 1915(a).

## I.     Leave to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his letter requesting leave to proceed IFP, Plaintiff has submitted a certified prison certificate signed by a senior RJD accounting official attesting to his trust account activity, as well as copies of his CDCR Inmate Statement Reports for the six months preceding the filing of his Complaint. *See* ECF No. 3 at 4–6; 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had an average monthly balance of $80.93, and made average monthly deposits of $238.83 to his account over the six-month period immediately preceding the filing of his Complaint. (*See* ECF No. 3 at 4.) Plaintiff's available balance was $9.58 at the time of filing. (*Id.*) Based on this financial information, the Court **GRANTS** Plaintiff leave to proceed IFP, and assesses his initial partial filing fee to be $47.76 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Secretary of the CDCR, or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). Whatever balance of the $350 total fee remaining due in this case must be collected by CDCR officials and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

/ / /

/ / /

/ / /

## II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   *Standard of Review*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.    Plaintiff's Allegations

Plaintiff contends he has "been under doctor's orders throughout his incarceration" and has been diagnosed with a seizure disorder and chronic depression. (ECF No. 1 at 3.) Due to this diagnosis, Plaintiff "has maintained a valid doctor's order chrono . . . CDC 128-C, for a lower bunk, [on a] lower tier, no stairs, no ladder, no heights." (*Id.*, *see also* Ex. B at 19.) Plaintiff further claims to have undergone a cardio artery bypass generic ("CABG") surgery at Tri-City Medical Center on April 18, 2014, and suffered complications afterward. (*Id.* at 4, 6.)

In November 2014, Plaintiff claims Defendants notified him that because he was not designated as "ADA with a wheelchair," he would need to either accept an upper bunk or upper tier housing assignment, or face discipline. (*Id.* at 4.) Plaintiff claims to have informed Defendants of his medical chrono, but "they still ordered [him] to make the move." (*Id.* at 6.) On November 19, 2014, while moving to the upper tier as instructed Plaintiff fell down a staircase, re-opened his CABG surgical incision, and suffered an "extreme back injury and leg pain." (*Id.* at 7.) He claims Defendants violated his Eighth Amendment rights by refusing to honor his doctor's orders, for which he seeks declaratory relief and unspecified amounts of compensatory and punitive damages. (*Id.* at 11.)

Based on these allegations, the Court finds Plaintiff's Complaint sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007). However, the Court finds it is not "clear from the face of the complaint," whether Plaintiff has exhausted all available administrative remedies pursuant to 42 U.S.C. § 1997e(a). *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc); *Williams*, 775 F.3d at 1191; *Marella v. Terhune*, 568 F.3d 1024, 1027–28 (9th Cir. 2009) (remanding exhaustion issue to district court for determination of whether administrative remedies were "available"). In his Complaint, Plaintiff alleges he "timely submitted" a CDC 602 administrative appeal

5

Cir. 2012; *Iqbal*, 556 U.S. at 678; *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (prison officials are liable if they act with deliberate indifferent to a prisoner's serious medical needs); *id.* at 104 (deliberate indifference "is manifested by prison [officials] intentionally denying or delaying access to medical care," or "intentionally interfering with the treatment once prescribed" by a physician); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213–14 (9th Cir. 2012) (finding plaintiff's claims that prison officials refused to honor a medical chrono requiring lower tier/lower bunk housing sufficient "to show that [defendants] were deliberately indifferent"); *Singson v. Marrero*, 2013 WL 1759009, at *1–2 (S.D. Cal. Mar. 8, 2013) (denying motion to dismiss Eighth Amendment claims where prisoner was issued a "lower tier order which was communicated to the prison staff," but where prisoner officials "refused to honor the doctors [sic] orders" by moving prisoner to an upper tiered cell).

Therefore, the Court will direct the U.S. Marshal to effect service on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

---

regarding his fall, but that it was "lost," later "cancelled due to time restraints," and that he "received [a] third level response . . . which exhausts the administrative remedy available to [him] within the CDCR." (ECF No. 1 at 10, *see also* Exs. S-V). Therefore, because exhaustion is an affirmative defense, Defendants "will have to present probative evidence . . . 'to plead and prove' . . . that [Plaintiff] has failed to exhaust" pursuant to FED. R. CIV. P. 56, should they wish to defend on this basis. *Albino*, 747 F.3d at 1169 (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)); *see also Williams*, 775 F.3d at 1190 (finding summary judgment inappropriate where there were "genuine disputes of material fact" as to whether prisoner "failed to exhaust available administrative remedies"); *see also Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1856, 1860 (2016) (proper administrative exhaustion under the PLRA is mandatory, but those remedies may not be "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"); *Whatley v. Nanez*, __ Fed. Appx. __, No. 15-55813, 2016 WL 6561295, at *1 (9th Cir. Nov. 4, 2016).

6

**CONCLUSION**

Given the foregoing, the Court:

1.      **GRANTS** Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 2, 3).

2.      **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $47.76 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4.      **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5.      **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

/ / /

/ / /

16cv2731-JLS (AGS)

6.     **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

7.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon each Defendant, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L.R. 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated:  March 1, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

16cv2731-JLS (AGS)